**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------

RYAN O'DELL,                       :

                              :

               Plaintiff,         :     Case No. 1:23-cv-8972

                              :

v.                             :

                              :     **COMPLAINT FOR VIOLATIONS OF**

HOSTESS BRANDS, INC., JERRY      :     **SECTIONS 14(e), 14(d) AND 20(a) OF**

KAMINSKI, ANDREW CALLAHAN, OLU  :     **THE SECURITIES EXCHANGE ACT**

BECK, LAURENCE BODNER, GRETCHEN  :     **OF 1934**

CRIST, RACHEL CULLEN, HUGH         :

DINEEN, IOANNIS SKOUFALOS, and     :     **JURY TRIAL DEMANDED**

CRAIG STEENECK,                 :

                              :

              Defendants.

---------------------------------------------------------

Ryan O'Dell ("Plaintiff"), by and through his attorneys, alleges the following upon information and belief, including investigation of counsel and review of publicly-available information, except as to those allegations pertaining to Plaintiff, which are alleged upon personal knowledge:

1.      This is an action brought by Plaintiff against Hostess Brands, Inc. ("Hostess Brands or the "Company") and the members of Hostess Brands board of directors (the "Board" or the "Individual Defendants" and collectively with the Company, the "Defendants") for their violations of Sections 14(e), 14(d), and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), in connection with the proposed acquisition of Hostess Brands by affiliates of The J.M. Smucker Company ("Smucker").

2.      Defendants have violated the above-referenced Sections of the Exchange Act by causing a materially incomplete and misleading Solicitation Statement on Schedule 14D-9 (the "Solicitation Statement") to be filed on October 10, 2023 with the United States Securities and

Exchange Commission ("SEC") and disseminated to Company stockholders. The Solicitation Statement is part of a Registration Statement on Form S-4 that Smucker filed on October 10, 2023. The Solicitation Statement recommends that Company stockholders tender their shares in support of a proposed transaction whereby SSF Holdings, Inc., a direct, wholly owned subsidiary of Smucker ("Merger Sub") will commence a tender offer to purchase all of the outstanding shares of Company common stock (the "Tender Offer") and following the Tender Offer, Merger Sub will be merged with and into the Company, with the Company continuing as the surviving corporation and as a direct, wholly owned subsidiary of Smucker (the "Proposed Transaction"). Pursuant to the terms of the definitive agreement and plan of merger the companies entered into, dated September 10, 2023 (the "Merger Agreement"), each Hostess Brands common share issued and outstanding will be converted into the right to receive (i) $30.00 per share owned; and (ii) 0.03002 of a Smucker common share, plus cash in lieu of fractional shares (the "Merger Consideration"). In accordance with the Merger Agreement, Purchaser commenced a tender offer to acquire all of Hostess Brands' outstanding common stock and will expire on November 6, 2023.

3.     Defendants have now asked Hostess Brands' stockholders to support the Proposed Transaction based upon the materially incomplete and misleading representations and information contained in the Solicitation Statement, in violation of Sections 14(e), 14(d), and 20(a) of the Exchange Act.   Specifically, the Solicitation Statement contains materially incomplete and misleading information concerning, among other things, (i) Hostess Brands' financial projections relied upon by the Company's financial advisor, Morgan Stanley & Co. LLC ("Morgan Stanley"); and (ii) the data and inputs underlying the financial valuation analyses that support the fairness opinion provided by Morgan Stanley. The failure to adequately disclose such material information constitutes a violation of Sections 14(e), 14(d), and 20(a) of the Exchange Act as Hostess Brands

stockholders need such information in order to tender their shares in support of the Proposed Transaction.

4.      It is imperative that the material information that has been omitted from the Solicitation Statement is disclosed to the Company's stockholders prior to the expiration of the Tender Offer.

5.      For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to Hostess Brands' stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the Defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges violations of Sections 14(e), 14(d), and 20(a) of the Exchange Act and SEC Rule 14a-9.

7.      Personal jurisdiction exists over each Defendant either because each is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction over defendant by this Court permissible under traditional notions of fair play and substantial justice.

8.      Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391, because Plaintiff resides in this District.

## PARTIES

9.      Plaintiff is, and has been at all relevant times, the owner of Hostess Brands common stock and has held such stock since prior to the wrongs complained of herein.

10.     Individual Defendant Jerry Kamiski has served as a member of the Board since November 2016 and the Chairman of the Board since October 2020.

11.     Individual Defendant Andrew Callahan has served as a member of the Board since April 2018 and is the Company's President and Chief Executive Officer.

12.     Individual Defendant Olu Beck has served as a member of the Board since April 2021.

13.     Individual Defendant Laurence Bodner has served as a member of the Board since November 2016.

14.     Individual Defendant Gretchen Crist has served as a member of the Board since April 2018.

15.     Individual Defendant Rachel Cullen has served as a member of the Board since April 2020.

16.     Individual Defendant Hugh Dineen has served as a member of the Board since April 2021.

17.     Individual Defendant Ioannis Skoufalos has served as a member of the Board since January 2020.

18.     Individual Defendant Craig Steeneck has served as a member of the Board since November 2016.

19.     Defendant Hostess Brands is a company organized under the laws of Delaware and maintains its principal offices at 7905 Quivira Road, Lenexa, Kansas 66215.  The Company's common stock trades on the NASDAQ Capital Market under the symbol "TWNK."

20.     The defendants identified in paragraphs 10-18 are collectively referred to as the "Individual Defendants" or the "Board."

21.     The defendants identified in paragraphs 10-19 are collectively referred to as the "Defendants."

## SUBSTANTIVE ALLEGATIONS

### A.     The Proposed Transaction

22.     Hostess Brands develops, manufactures, markets, sells, and distributes snack products in the United States and Canada. The Company provides a range of snack cakes, donuts, sweet rolls, breakfast pastries, cookies, snack pies, sweet baked goods, wafers, bread and buns, danishes, honey buns, coffee cakes, and sugar-free products. It offers its products under the Hostess, Dolly Madison, Cloverhill, Voortman, CupCakes, Twinkies, Donettes, Sno Balls, Ding Dongs, Zingers, Ho Hos, and Big Texas brands. The Company was formerly known as Gores Holdings, Inc. and changed its name to Hostess Brands, Inc. in November 2016. Hostess Brands was founded in 1919 and is headquartered in Lenexa, Kansas.

23.     On September 11, 2023, the Company announced the Proposed Transaction:

> LENEXA, Kan.--(BUSINESS WIRE)-- Hostess Brands, Inc. (Nasdaq: TWNK) (the "Company" or "Hostess Brands"), announced today that it has entered into a definitive agreement with The J.M. Smucker Co. (NYSE: SJM) to acquire all of the outstanding shares of Hostess Brands in a cash and stock transaction valued at $34.25 per Hostess Brands share, representing a transaction value of approximately $5.6 billion, including the assumption of debt. Under the terms of the agreement, Hostess Brands shareholders will receive $30.00 in cash and 0.03002 shares of The J.M. Smucker Co. common stock (valued at $4.25 as of September 8, 2023) for each share of Hostess Brands common stock. The purchase price represents a premium of approximately 54% to the closing price of $22.18 on August 24, 2023, the last trading day prior to press reports of a potential transaction.

> Andy Callahan, President and Chief Executive Officer of Hostess Brands commented, "I am extremely proud of the entire Hostess Brands team for the legacy they created in building a premier snacking company and driving industry leading returns for our investors. Today represents another exciting chapter for our company as we combine our iconic snacking brands with The J.M.

Smucker Co.'s family of beloved brands. We believe this is the right partnership to accelerate growth and create meaningful value for consumers, customers and shareholders. Our companies share highly complementary go-to market strategies, and we are very similar in our core business principles and operations. Above all else, Hostess Brands and The J.M. Smucker Co. share a deep commitment to inspiring moments of joy and satisfaction through our products, and we look forward to continuing to do so as part of The J.M. Smucker Co. family."

"We are excited to announce the acquisition of Hostess Brands, which represents a compelling expansion of our family of brands and a unique opportunity to accelerate our focus on delighting consumers with convenient solutions across different meal and snacking occasions," said Mark Smucker, Chair of the Board, President and Chief Executive Officer of The J.M. Smucker Co. "With this acquisition, we are adding an iconic sweet snacking platform; enhancing our ability to deliver brands consumers love and convenient solutions they desire; and leveraging the attributes Hostess offers, including its strong convenience store distribution and leading innovation pipeline, combined with our strong commercial organization and consistent retail execution across channels to drive continued growth. Our organization is well positioned to deliver on the great potential our expanded family of brands offers, as has been reflected by our history of growth through acquisition and the successful integration of new categories to our business. We look forward to this exciting new chapter for The J.M. Smucker Co."

**Transaction Details**

Under the terms of the agreement, The J.M. Smucker Co., through its wholly owned subsidiary SSF Holdings, Inc., will commence an exchange offer to acquire all outstanding shares of Hostess Brands. Stockholders will receive $30.00 in cash and 0.03002 shares of The J.M. Smucker Co. common stock for each share of Hostess Brands common stock. The closing of the exchange offer will be subject to certain conditions, including the tender of at least a majority of the outstanding shares of Hostess Brands common stock and other customary closing conditions, including receipt of required regulatory approvals. Upon the successful completion of the exchange offer, The J.M. Smucker Co. will acquire all of the remaining shares of Hostess Brands common stock that were not acquired in the exchange offer through a second-step merger for the same consideration per share as paid in the exchange offer.

The cash portion of the transaction is expected to be funded through a combination of cash on hand, a bank term loan and long-term public bonds.

Both The J.M. Smucker Co. and Hostess Brands Boards of Directors have unanimously approved the transaction. The transaction is anticipated to close in the third quarter of The J.M. Smucker Co.'s current fiscal year ending April 30, 2024.

**Advisors**

Morgan Stanley & Co. LLC and Morgan, Lewis & Bockius LLP are serving as financial and legal advisors, respectively, to Hostess Brands.

\* \* \*

24.     It is therefore imperative that Hostess Brands' stockholders are provided with the material information that has been omitted from the Solicitation Statement, so that they can meaningfully assess whether or not the Proposed Transaction is in their best interests.

**B.**     **The Materially Incomplete and Misleading Solicitation Statement**

25.     On October 10, 2023, Hostess Brands filed the Solicitation Statement with the SEC in connection with the Proposed Transaction.  The Solicitation Statement was furnished to the Company's stockholders and solicits the stockholders to tender their shares in support of the Proposed Transaction.  The Individual Defendants were obligated to carefully review the Solicitation Statement before it was filed with the SEC and disseminated to the Company's stockholders to ensure that it did not contain any material misrepresentations or omissions. However, the Solicitation Statement misrepresents and/or omits material information that is necessary for the Company's stockholders to make an informed decision concerning whether to tender their shares, in violation of Sections 14(e), 14(d), and 20(a) of the Exchange Act.

*Omissions and/or Material Misrepresentations Concerning Financial Projections*

26.     The Solicitation Statement fails to provide material information concerning financial projections by Hostess Brands management and relied upon by Morgan Stanley in its analysis. The Solicitation Statement discloses management-prepared financial projections for the Company which are materially misleading. The Solicitation Statement indicates that in connection with the rendering of its fairness opinion, that the Company prepared certain non-public financial forecasts (the "Company Projections") and provided them to the Board and Morgan Stanley with forming a view about the stand-alone valuation of the Company. Accordingly, the Solicitation Statement should have, but fails to provide, certain information in the projections that Hostess Brands management provided to the Board and Morgan Stanley. Courts have uniformly stated that "projections … are probably among the most highly-prized disclosures by investors. Investors can come up with their own estimates of discount rates or [] market multiples. What they cannot hope to do is replicate management's inside view of the company's prospects." *In re Netsmart Techs., Inc. S'holders Litig.*, 924 A.2d 171, 201-203 (Del. Ch. 2007).

27.     For the Company Projections, the Solicitation Statement provides values for non-GAAP (Generally Accepted Accounting Principles) financial metrics: Adjusted EBITDA, Adjusted EPS, and Free Cash Flow, but fails to provide line items used to calculate these metrics and a reconciliation of the non-GAAP metrics to their most comparable GAAP measures, in direct violation of Regulation G and consequently Section 14(a).

28.     When a company discloses non-GAAP financial measures in a Solicitation Statement that were relied on by a board of directors to recommend that stockholders exercise their corporate suffrage rights in a particular manner, the company must, pursuant to SEC regulatory mandates, also disclose all projections and information necessary to make the non-GAAP measures not misleading, and must provide a reconciliation (by schedule or other clearly

understandable method) of the differences between the non-GAAP financial measure disclosed or released with the most comparable financial measure or measures calculated and presented in accordance with GAAP. 17 C.F.R. § 244.100.

29.     The SEC has noted that:

> companies should be aware that this measure does not have a uniform definition and its title does not describe how it is calculated. Accordingly, a clear description of how this measure is calculated, as well as the necessary reconciliation, should accompany the measure where it is used. Companies should also avoid inappropriate or potentially misleading inferences about its usefulness. For example, "free cash flow" should not be used in a manner that inappropriately implies that the measure represents the residual cash flow available for discretionary expenditures, since many companies have mandatory debt service requirements or other non-discretionary expenditures that are not deducted from the measure.[1]

30.     Thus, to cure the Solicitation Statement and the materially misleading nature of the forecasts under SEC Rule 14a-9 as a result of the omitted information in the Solicitation Statement, Defendants must provide the line items used to calculate the projected Adjusted EBITDA, Adjusted EPS, and Free Cash Flow, and reconciliation table of the non-GAAP measures to the most comparable GAAP measures to make the non-GAAP metrics included in the Solicitation Statement not misleading.

*Omissions and/or Material Misrepresentations Concerning Morgan Stanley's Financial Analyses*

31.     With respect to Morgan Stanley's *Comparable Companies Analysis*, the Solicitation Statement fails to disclose: (i) the financial metrics for each company selected by Morgan Stanley for the analysis; and (ii) the inputs and assumptions underlying the representative ranges of financial multiples selected by Morgan Stanley for the analysis.

---

[1] U.S. Securities and Exchange Commission, Non-GAAP Financial Measures, last updated April 4, 2018, available at: https://www.sec.gov/divisions/corpfin/guidance/nongaapinterp.htm

32.     With respect to Morgan Stanley's *Precedent Transactions Analysis*, the Solicitation Statement fails to disclose: (i) the financial metrics for each transaction selected by Morgan Stanley for the analysis; and (ii) the inputs and assumptions underlying the representative multiple range of implied AV/LTM Adjusted EBITDA multiples of 16.0x to 20.0x selected by Morgan Stanley for the analysis.

33.     With respect to Morgan Stanley's *Discounted Equity Value Analysis*, the Solicitation Statement fails to disclose: (i) the ranges of implied equity values per share estimated as of December 31, 2025; (ii) the inputs and assumptions underlying the AV/NTM Adj. EBITDA for the next 12 months following December 31, 2025 ratio range of 12.0x to 14.5x; (iii) the inputs and assumptions underlying the discount rate of 8.2%; (iv) the cost of equity of the Company as of September 8, 2023.

34.     With respect to Morgan Stanley's *Discounted Cash Flow Analysis*, the Solicitation Statement fails to disclose: (i) the terminal values of the Company; (ii) the inputs and assumptions underlying the discount rates ranging from 7.6% to 8.9%; (iii) the inputs and assumptions underlying the range of multiples of NTM Adjusted EBITDA of 12.0x to 15.0x; (iv) the inputs and assumptions underlying the perpetuity growth rate ranging from 2.0% to 3.5%; and (v)the number of fully diluted shares of Hostess Brands common stock outstanding as of August 31, 2023.

35.     With respect to Morgan Stanley's *Unaffected Equity Research Analyst Price Targets* analysis, the Solicitation Statement fails to disclose: (i) the equity research analysts observed; (ii) the price targets published by the analysts; and (iii) the basis for applying a 8.2% discount rate.

36.     In sum, the omission of the above-referenced information renders statements in the Solicitation Statement materially incomplete and misleading in contravention of the Exchange Act. Absent disclosure of the foregoing material information prior to the expiration of the Tender Offer, Plaintiff will be unable to make a fully-informed decision regarding whether to tender their shares, and they are thus threatened with irreparable harm, warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

## COUNT I

### On Behalf of Plaintiff Against All Defendants for
### Violations of Section 14(e) of the Exchange Act

37.     Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

38.     Section 14(e) of the Exchange Act provides that it is unlawful "for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading . . ." 15 U.S.C. § 78n(e).

39.     Defendants violated Section 14(e) of the Exchange Act by issuing the Solicitation Statement in which they made untrue statements of material facts or failed to state all material facts necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading, in conjunction with the Tender Offer. Defendants knew or recklessly disregarded that the Solicitation Statement failed to disclose material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

40.     The Solicitation Statement was prepared, reviewed and/or disseminated by Defendants. It misrepresented and/or omitted material facts, including material information about

11

the consideration offered to stockholders via the Tender Offer, the intrinsic value of the Company, the Company's financial projections, and the financial advisor's valuation analyses and resultant fairness opinion.

41.     In so doing, Defendants made untrue statements of material fact and omitted material information necessary to make the statements that were made not misleading in violation of Section 14(e) of the Exchange Act. By virtue of their positions within the Company and/or roles in the process and in the preparation of the Solicitation Statement, Defendants were aware of this information and their obligation to disclose this information in the Solicitation Statement.

42.     The omissions and misleading statements in the Solicitation Statement are material in that a reasonable stockholder would consider them important in deciding whether to tender their shares or seek appraisal. In addition, a reasonable investor would view the information identified above which has been omitted from the Solicitation Statement as altering the "total mix" of information made available to stockholders.

43.     Defendants knowingly, or with deliberate recklessness, omitted the material information identified above from the Solicitation Statement, causing certain statements therein to be materially incomplete and therefore misleading. Indeed, while Defendants undoubtedly had access to and/or reviewed the omitted material information in connection with approving the Tender Offer, they allowed it to be omitted from the Solicitation Statement, rendering certain portions of the Solicitation Statement materially incomplete and therefore misleading.

44.     The misrepresentations and omissions in the Solicitation Statement are material to Plaintiff, and Plaintiff will be deprived of his entitlement to make a fully informed decision if such misrepresentations and omissions are not corrected prior to the expiration of the Tender Offer.

## COUNT II

**Violations of Section 14(d)(4) of the Exchange Act and**
**Rule 14d-9 Promulgated Thereunder**
**(Against All Defendants)**

45.     Plaintiff repeats and re-alleges each allegation set forth above as if fully set forth

herein.

46.     Defendants have caused the Solicitation Statement to be issued with the intention

of soliciting stockholder support of the Tender Offer.

47.     Section 14(d)(4) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder

require full and complete disclosure in connection with tender offers.

48.     The Solicitation Statement violates Section 14(d)(4) and Rule 14d-9 because it

omits material facts, including those set forth above, which render the Solicitation Statement false

and/or misleading.

49.     Defendants knowingly, or with deliberate recklessness, omitted the material

information identified above from the Solicitation Statement, causing certain statements therein to

be materially incomplete and therefore misleading. Indeed, while Defendants undoubtedly had

access to and/or reviewed the omitted material information in connection with approving the

Tender Offer, they allowed it to be omitted from the Solicitation Statement, rendering certain

portions of the Solicitation Statement materially incomplete and therefore misleading.

50.     The misrepresentations and omissions in the Solicitation Statement are material to

Plaintiff and Plaintiff will be deprived of his entitlement to make a fully informed decision if such

misrepresentations and omissions are not corrected prior to the expiration of the Tender Offer.

## COUNT III

**On Behalf of Plaintiff Against the Individual Defendants for Violations of Section 20(a) of**
**the Exchange Act**

51.     Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

52.     The Individual Defendants acted as controlling persons of Hostess Brands within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as directors of Hostess Brands, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the incomplete and misleading statements contained in the Solicitation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of Hostess Brands, including the content and dissemination of the various statements that Plaintiff contends are materially incomplete and misleading.

53.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Solicitation Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

54.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of Hostess Brands, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the Exchange Act violations alleged herein, and exercised the same.  The omitted information identified above was reviewed by the Board prior to voting on the Proposed Transaction.  The Solicitation Statement at issue contains the unanimous recommendation of the Board to approve the Proposed Transaction. The Individual Defendants were thus directly involved in the making of the Solicitation Statement.

55.     In addition, as the Solicitation Statement sets forth at length, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the

Merger Agreement.  The Solicitation Statement purports to describe the various issues and information that the Individual Defendants reviewed and considered.  The Individual Defendants participated in drafting and/or gave their input on the content of those descriptions.

56.    By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

57.    As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(d) and (e), by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act.  As a direct and proximate result of Individual Defendants' conduct, Plaintiff will be irreparably harmed.

58.    Plaintiff has no adequate remedy at law.  Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

## RELIEF REQUESTED

WHEREFORE, Plaintiff demands injunctive relief in his favor and against the Defendants jointly and severally, as follows:

A.    Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from proceeding with, consummating, or closing the Proposed Transaction, unless and until Defendants disclose the material information identified above which has been omitted from the Solicitation Statement;

A.    Rescinding, to the extent already implemented, the Merger Agreement or any of the terms thereof, or granting Plaintiff rescissory damages;

B.    Directing the Defendants to account to Plaintiff for all damages suffered as a result of their wrongdoing;

C.      Awarding Plaintiff the costs and disbursements of this action, including reasonable

attorneys' and expert fees and expenses; and

D.      Granting such other and further equitable relief as this Court may deem just and

proper.

**JURY DEMAND**

Plaintiff demands a trial by jury.

DATED: October 12, 2023                          **MELWANI & CHAN LLP**

<u>/s *Gloria Kui Melwani*</u>
Gloria Kui Melwani (GM5661)
1180 Avenue of the Americas, 8th Floor
New York, New York 10036
Tel: (212) 382-4620
Email:  gloria@melwanichan.com

*Attorneys for Plaintiff*